J-S35014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE DAVIS | : | |
| Appellant | : | No. 2406 EDA 2018 |

Appeal from the PCRA Order Entered July 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005941-2015

BEFORE:   OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                                    **FILED JULY 31, 2019**

Appellant, Tyrone Davis, appeals *pro se* from the July 12, 2018 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

On January 30, 2017, Appellant entered a plea of *nolo contendere* to aggravated assault,[1] violating the Uniform Firearms Act ("VUFA") as a person not to use or possess firearms,[2] and possession of an instrument of crime ("PIC").[3]  At Appellant's plea hearing, the Commonwealth presented the factual basis for the plea, which we summarize as follows.  On March 26, 2015, Appellant entered the home of R.S. ("victim"), in the middle of the night,

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 18 Pa.C.S.A. § 907(a).

---

*   Retired Senior Judge assigned to the Superior Court.

without permission. Appellant is the father of the victims' three children. Appellant woke the victim by putting a gun to her head and "tapping her six to seven times in the head with the gun." N.T., 1/30/2017, at 12. Appellant fled the residence and the victim called the police. The victim told officers where Appellant worked and officers responded to his place of employment. Officers found Appellant at his place of employment with a bullet in his pocket and a firearm on the bathroom floor. Appellant is a person not to possess a firearm based on a 1999 rape conviction.

On May 23, 2017, after a pre-sentence investigation, the trial court sentenced Appellant to six and one-half to 18 years' incarceration. According to the docket, Attorney Frederick Lowenberg entered his appearance on May 1, 2015, and is listed as Appellant's attorney as late as November 2, 2017.[4] Thus, Attorney Lowenberg represented Appellant throughout the case, including Appellant's plea and sentencing hearings. Following the imposition of sentence, no post-sentence motions or notices of direct appeal were entered on the docket. On March 22, 2018, Appellant filed a timely *pro se* PCRA petition. On April 3, 2018, the PCRA court appointed Attorney Judge Hall to serve as PCRA counsel. On June 8, 2018, PCRA counsel filed a **Turner/Finley**[5] letter stating that Appellant's claims are without merit. On

---

[4] Following sentencing, Attorney Lowenberg continued to represent Appellant in an accompanying civil forfeiture matter.

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).

June 11, 2018, the PCRA court sent Appellant a notice of dismissal pursuant to Pa.R.Crim.P. 907. Appellant responded on June 28, 2018. On July 12, 2018, the PCRA court dismissed Appellant's petition and granted Attorney Hall's petition to withdraw. Appellant filed a notice of appeal on August 6, 2018. The PCRA court filed its Pa.R.A.P. 1925(a) opinion on October 31, 2018.[6]

Appellant presents the following issues on appeal.

1. Whether the trial court erred by not hearing [Appellant's] pre-trial motions that were properly filed with the court[] and docketed prior to [Appellant] retaining counsel[?]

2. Whether the trial court erred by unlawfully prosecuting [Appellant] in violation of his rights guaranteed by the Pennsylvania Constitution Article 1 § 9 [and the 14th Amendment to the United States Constitution?]

3. Whether the trial court erred by prosecuting [Appellant] unlawfully by not adhering to the Pa.R.Crim.P. 540[?]

4. Whether the trial court erred by knowingly prosecuting [Appellant] for crimes where no probable cause [and/or] evidence existed[?]

5. Whether the trial court erred by prosecuting [Appellant] with suppose[d] evidence unlawfully obtained by the police[?]

6. Whether the trial court erred by knowingly allowing the prosecution to use a defective warrant[?]

7. Whether the [PCRA] court erred by no[t] granting [Appellant's] PCRA petition for ineffective assistance of counsel[?]

_____

[6] It appears from the record that the PCRA court did not issue an order instructing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's brief, however, fails to acknowledge that fact, in violation of Pa.R.A.P. 2111(d).

8. Whether the [PCRA] court erred by not granting [Appellant's] answer to [the Rule] 907 Notice because [of] a *nolo contendere* plea[?]

9. Whether the [trial] court erred by preventing [Appellant] from timely filing his direct appeal motion[?]

10. Whether the [trial] court erred by sentencing [Appellant for] aggravated assault, possession of an instrument of crime[,] and [VUFA?]

Appellant's Brief at 5-6.

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard. **Id**.

**Commonwealth v. Lee**, 206 A.3d 1, 6 (Pa. Super. 2019).

Our disposition of this case involves only one issue, issue number nine, in which Appellant alleges that the trial court prevented him from filing a direct appeal. Appellant contends that he filed a *pro se* notice of appeal on May 24, 2017—the day after his sentencing—at which point, Appellant was represented by Attorney Lowenberg. Appellant further alleges that said notice of appeal and the accompanying motions were returned to him by the court on June 12, 2017, with the handwritten notation, "sentenced 9-15-2015[,] untimely[,] must file PCRA to reinstate appellate rights." Appellant's Brief at R.R. 9. As noted above, the court actually sentenced Appellant in this matter on May 23, 2017. In its 1925(a) opinion, the PCRA court addressed this contention as follows.

- 4 -

[Appellant] states that the [submission][7] was returned to him on June 12, 2017. This was still well within his 30 day time period to file a timely direct appeal. [Appellant] does not explain why he did not immediately file a notice of appeal since he knew the notation that he referenced regarding his date of sentencing was erroneous as it relates to this case. Furthermore, [Appellant] does not state why he waited nearly a year, until March 22, 2018, to file a PCRA petition if he in fact desired a direct appeal[.]

PCRA Court Opinion, 10/31/2018, at 9.

We find that the PCRA court's disposition of this issue was error. "When a counseled defendant files a *pro se* document, it is [to be] noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4)[.]" **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016), *citing* Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response."). Moreover, when a counseled defendant files a *pro se* notice of appeal, in order to protect the defendant's constitutional right to an appeal, it is to be noted on the trial court docket and then forwarded to this Court and docketed. **Williams,** 151 A.3d at 624.

Appellant alleges in his PCRA petition that he filed a *pro se* notice of appeal and accompanying motions one day after the imposition of his

---

[7] Appellant's PCRA petition, at one point, refers to his May 24, 2017 attempted filing as a post-sentence motion, whereas his brief on appeal identifies the submission as a notice of appeal (and accompanying motions). The certified record does not include any of Appellant's alleged submissions; however, his appellate brief contains these documents as exhibits.

sentence.[8]  At that time, Attorney Lowenberg still represented Appellant, and post-sentence motions and/or a direct appeal could have been timely filed. However, there is no indication on the docket that those documents were received or forwarded to counsel in compliance with Pa.R.Crim.P. 576(a)(4), nor was Appellant's alleged notice of appeal forwarded to this Court.  If proven, Appellant's assertions may establish a cognizable PCRA claim that a breakdown in the court system deprived him of his right to a direct appeal. *See* 42 Pa.C.S.A. § 9543(2)(iv).  The certified record is not sufficiently developed for this Court to determine whether Appellant is entitled to relief, however, the presence of a potentially meritorious issue makes it error for the PCRA court to permit counsel to withdraw.  On remand, the PCRA court shall appoint new counsel and conduct proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings.  Jurisdiction relinquished.

---

[8] To substantiate his claims, Appellant's brief includes as exhibits: the purported notice of appeal; the handwritten indication that his notice of appeal was untimely; a "Post[-]Sentence- Direct Appeal Motion"; a request to proceed *in forma pauperis* for purposes of appeal and for appointment of appellate counsel; a certificate of service; a verification; and a motion for leave to file additional papers. Appellant's Brief at R.R. 3-10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/19